IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH A. DANIELS,

    Plaintiff,

v.                                        Civil Action No. 3:13CV440

WILLIAM JARRATT,

    Defendant.

**MEMORANDUM OPINION**

Joseph A. Daniels, a Virginia inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citation omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Daniels alleges that Defendant denied him due process, and violated his Eighth Amendment rights by terminating his employment after an unidentified incident that occurred on March 30, 2013, at Greensville Correctional Center. Daniels states:
> On April 1, 2013, upon conclusion of an investigation conducted by Lieutenant Colonel, William Jarratt and Major Tony Darden, which plaintiff was not subject, and all parties identified by camera surveillance, on the date of April 4, 2013, plaintiff was called to his place of employment and fired from his position as secretary assistant, in addition to his job d[e]scription being abolished and deleted from the Master Job Inventory upon demand of Lieutenant Colonel, William Jarratt, which actions were a direct result of the investigation. The Lieutenant's actions against plaintiff violated the Department of Corrections, Operating Procedure 833, Offenders Work Programs, rule: "The practice of 'firing' offenders from work assignments without the benefit of applicable Due Process is prohibited . . .

3

> [.]" Plaintiff asserts that his Fourteenth Amendment Rights to the United States Constitution of Due Process were violated as a direct result of the Lieutenant's injust [sic] actions. Plaintiff further asserts that there was no justification in this action against him, (firing, abolishing and deleting job d[e]scription), which was criminal in nature, thereby resulting in 'Punishment as retribution and deterance [sic]', an Eighth Amendment violation.

(Compl. Part IV.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See <u>Dowe v. Total Action Against Poverty in Roanoke Valley</u>, 145 F.3d 653, 658 (4th Cir. 1998). The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. See <u>Beverati v. Smith</u>, 120 F.3d 500, 502 (4th Cir. 1997). A liberty interest may arise from the Constitution itself, or from state laws and policies. See <u>Wilkinson v. Austin</u>, 545 U.S. 209, 220-21 (2005).

To demonstrate the existence of a state-created liberty interest, Plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 487 (1995); see <u>Puranda v. Johnson</u>, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases).

Here, Daniels complains that Defendant denied him due process by terminating him from employment and eliminating his job. However, the law clearly establishes that Daniels has no constitutional right to job opportunities while incarcerated, and that a prisoner enjoys no protected property or liberty interest in a prison job. <u>Bulger v. U.S. Bureau of</u>

4

Prisons, 65 F.3d 48, 50 (5th Cir. 1990) (concluding "that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest") (citations omitted); Henderson v. Capital Constr., 3:08cv207-HEH, 2011 WL 977580, at *5 (E.D. Va. Mar. 15, 2011) (citing Backus v. Ward, No. 98-6331, 1998 WL 372377, at *1 (4th Cir. June 8, 1998); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) for the proposition that inmates have no protected liberty interest in retaining prison jobs).

Moreover, prison regulations that entitle prisoners to work or that require a hearing prior to removing a prisoner from a job also create no constitutionally recognized liberty interest "'because a denial of employment opportunities to an inmate does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Seibert v. Mohead, No. 2:12cv399, 2012 WL 8123580, at *3 (E.D. Va. Sept. 4, 2012) (quoting Penrod v. Zavaras, 94 F.3d 1399, 1407 (10th Cir. 1996)). Daniels had no constitutionally protected interest in retaining his prison job, and thus, no entitlement to the protections of the Due Process Clause.

In order to state an Eighth Amendment claim, Daniels must allege facts that show: "'(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The first showing requires the Court to determine whether the deprivation of a basic human need was "objectively 'sufficiently serious,'" "while the second requires it to determine whether the officials subjectively acted with a '"sufficiently culpable state of mind.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Hudson v. McMillian, 503 U.S. 1, 89 (1992)). Therefore, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the '"routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society.'" Strickler, 989 F.2d

> at 1380 n.3 (quoting Hudson, 503 U.S. at 9). Accordingly, under the objective prong, Daniels must allege facts that suggest he sustained "'a serious or significant physical or emotional injury resulting from the challenged conditions.'" De'Lonta, 330 F.3d at 634 (quoting Strickler, 989 F.2d at 1381). Daniels fails to allege facts that plausibly suggest that his termination from his prison job resulted in a serious or significant physical or emotional injury. See Green v. Venable, 3:09CV154, 2010 WL 3384720, at *3 (E.D. Va. Aug. 20, 2010). Accordingly, it is RECOMMENDED that Daniels's claims and the action be DISMISSED.

(April 18, 2014 Report and Recommendation (alterations and omission in original).) The Court advised Daniels that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Daniels filed an "OBJECTION TO REPORT AND RECOMMENDATION." (ECF No. 17.)

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and

legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III. DANIELS'S OBJECTION

Daniels "OBJECTION" fails to direct the Court to any specific error in the Report and Recommendation. Instead of filing an objection pinpointing an error in the magistrate judge's recommendations, Daniels notes his in forma pauperis status (Obj. 1), and recites the legal standard for bringing a claim (id. at 2). Daniels then provides a brief restatement of his claims. Because Daniels makes only conclusory objections, de novo review is unnecessary.

As the magistrate judge explained, Daniels states no constitutional claim for relief based upon his termination from his prison employment and the elimination of his job.

### IV. CONCLUSION

Daniels's objection will be overruled. The Report and Recommendation will be accepted and adopted. Daniels's claims and the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Daniels.

Date: July 21, 2014  
Richmond, Virginia

/s/ REP  
Robert E. Payne  
Senior United States District Judge